MILLER and others, Respondents, vs. STONE, imp., Appellant.

*October 15 — November 1, 1887.*

*Evidence of assumption of debts: Partnership.*

1. In order to charge S., who goes into the store of P. to assist him, in contemplation of forming a partnership at a future time, for the previously contracted debts of P., it is not sufficient to show that he allowed P. to hold him out as a partner, but it must be shown, either that for a sufficient consideration he expressly promised to pay such debts, or that an actual partnership was formed and that it assumed to pay them.

2. The existence of a partnership between P. and S. is not established by proof that after S. went into the store of P. to assist him, a clerk of P., without authority, entered the names or initials of both upon several pages of the store journal in the form of a firm name; nor is the assumption by such supposed firm of the previously contracted debts of P. established by the fact that the cash receipts of the business were constantly being applied to the payment of those debts.

APPEAL from the Circuit Court for *Grant* County.

This is an action for goods sold and delivered by the plaintiffs to the defendants prior to October 1, 1885. The complaint alleges that the defendants were partners, and demands judgment against them as such for the price and value of such goods. The defendants, by their duly verified answer, denied that they were partners, as alleged in the complaint. A trial resulted in a verdict against both defendants for the amount of plaintiffs' claim. Motion for a new trial was denied, and judgment rendered pursuant to

the verdict. The case is further stated in the opinion. The defendant *Stone* appeals from the judgment.

*John D. Wilson*, for the appellant, contended, *inter alia*, that Stone's permitting himself to be held out as a partner of Powers did not make him liable for the debt of the latter unless the creditor knew it when the debt was incurred, citing Collyer on Partnership (6th ed.), 38–43, 145, 824–835; Addison on Contracts, secs. 108, 109; Story on Partnership (6th ed.), secs. 65, 152; *Bowie v. Maddox*, 29 Ga. 285; 74 Am. Dec. 61; Chitty on Contracts (10th ed.), 263, 267; *Smith v. Surrett*, 2 Am. Dec. 714; Sneed, Dec. 236; 2 Greenleaf, Ev. sec. 483, note 2.

For the respondents there was a brief by *Clark & Mills*, and oral argument by *Mr. Mills*. They contended that the partnership of Powers and *Stone*, and its assumption of the debts of Powers, was sufficiently proved by the mode of keeping the store books.

LYON, J. It is undisputed that the goods, for the price of which this action was brought, were sold to the defendant Powers alone. There is no claim or pretense that any partnership existed between the two defendants before October 15, 1885. The defendant *Stone* has not been held liable in this action as an original purchaser of the goods, but he was so held on the grounds that in October, 1885, he became a partner of Powers, and that the firm of Powers & Stone assumed the indebtedness of Powers for goods theretofore purchased, including the claim of the plaintiffs.

The facts upon which this recovery was obtained are briefly as follows: About October 15, 1885, *Stone* went into the store of Powers, and assisted in carrying on the business, in contemplation of forming a copartnership with Powers at some future time, if the business suited him. Powers requested *Stone* to allow the use of his name as a partner, because, as he said, if his customers knew there

was to be a change in the business, they would be more apt
to pay up their old accounts, and thus collections would be
facilitated.  *Stone* consented, and thereafter goods were
ordered of the plaintiffs and others, in the name of Powers
& Stone.  No change was made in the manner of keeping
the books of the concern, except that a clerk wrote the firm
name over one page in the journal, and the same name, or
initials P. & S., were written by him in a few places in the
ledger.

It is undisputed that *Stone* allowed himself to be held out
as a partner of Powers, and thus made himself liable for
any debts contracted in the name of Powers & Stone on
the faith that there was such a firm.  But this does not
establish the liability of *Stone* in this action.  The demand
here in suit was unmistakably the debt of Powers alone.
*Stone* can only be held liable herein upon proof of an ex-
press promise by him, founded upon a sufficient considera-
tion, to pay the debt of Powers, or upon proof that he had
actually entered into copartnership with Powers, and that
the new firm had agreed to pay the antecedent debts of
Powers.  There is no testimony whatever tending to show
that *Stone* ever made any such express agreement to become
liable for Powers' debts.  So, if he be held at all, it must
be upon the ground last above stated, to wit, that a part-
nership was formed which assumed to pay such indebted-
ness.  A mere holding out of *Stone* as a partner is not
sufficient to raise such liability.  There must be a partner-
ship in fact.  The circuit judge so instructed the jury.

We have looked through the testimony in the case (and
there is much of it) with great care, and we fail to find
any satisfactory proof that Powers and *Stone* ever became
copartners at all.  The entry of the firm name or firm ini-
tials upon the books by the clerk, as above stated, was made
without the direction or knowledge of either partner, so far
as the record shows, and is a circumstance of very trifling

significance. Both defendants deny that any such copartnership was formed, and the case is entirely barren of any of the usual *indicia* of a change in the business of Powers. No inventory was taken; no terms of copartnership were agreed upon; no money was paid into the concern, or promised to be paid in, by *Stone;* but he was simply a clerk in Powers' store, had little or nothing to do with the books, and exercised no authority or control over the business. The only testimony tending to charge him as a partner was that above stated as constituting a holding him out as a partner, and the further circumstance that certain commercial travelers testified that Powers substantially admitted to them that he and *Stone* had entered into copartnership, and the firm had assumed his outstanding debts. Both the defendants deny having made any such admission. Indeed, there is no testimony worthy of consideration that *Stone* ever made any such statement. The fact that the cash-book of the concern shows that the current receipts of the business were constantly applied in the payment of Powers' debts, contracted before *Stone* went into the store, is greatly relied upon by plaintiffs' counsel to show an assumption of those debts by the alleged new firm. We think the fact is more significant as tending to show that the business had not been interrupted by the introduction of a new partner.

In short, the testimony, and all the reasonable probabilities of the case, are so overwhelmingly against the claim that any such partnership was formed, that the testimony in support of such claim is quite insufficient to sustain the verdict. We are clearly of the opinion that the verdict is unjust, and unsupported by the testimony, and that it should not be allowed to stand. Had the partnership been established, the difficulties in the way of supporting a finding that the firm assumed the debts of Powers are almost as insuperable.

The circuit court ought to have granted a new trial, for

the reason that the verdict is against the evidence. The judgment of the circuit court must be reversed as to the appellant, and the cause will be remanded, with directions to that court to award a new trial as to him.

*By the Court.*— Ordered accordingly.